IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**      CASE NO. 3:21 CR 338

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**KELVIN GIST,**

    Defendant.      **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending in this criminal case is Defendant Kelvin Gist's Motion to Suppress evidence seized during execution of a search warrant at his home address. (Doc. 157). The Government opposed (Doc. 173), and Defendant replied (Doc. 177). For the following reasons, the Court denies Defendant's motion.

### BACKGROUND

As part of an investigation into drug distribution and money laundering, a Drug Enforcement Agency ("DEA") agent applied for a search warrant for two different addresses, one of which was Gist's home residence on Troon Road in Holland, Ohio. (Doc. 173-1, at 2-3).

The warrant affidavit stated Defendant had previously been convicted of possession with intent to distribute crack cocaine in 1996 and of conspiracy to possess with intent to distribute cocaine and marijuana in 2006. *Id.* at 4. Agents surveilling Defendant in relation to the 2006 conviction found he had used his then-home residence "as a stash house that he stopped at before drug transactions." *Id.* at 5.

As to the current investigation, the affidavit stated Gist bought the Troon Road residence in February 2020. *Id.* at 12. Soon after, agents observed a vehicle driven by Gist with an Ohio dealer tag – tag number 2-7056 – which the agent alleged was "associated with Complete Auto World [Gist's business] and the [Chevy] Trailblazer [a vehicle which Gist drove to meet with an undercover agent for a controlled drug buy] parked in the driveway at [XXX] Troon Road." *Id.* Dealer tag number 2-7056 had previously been observed attached to the Trailblazer in question. *Id.* at 10. The affidavit stated a "white powdery substance believed to be cocaine" had previously been picked up from a vehicle at Complete Auto World by a confidential source. *Id.* Gist had also been observed traveling from Complete Auto World to the Troon Road address. *Id.* at 15.

The agent who submitted the affidavit believed Defendant was using, as he had in 2005-06, his principal residence (the Troon Road address), a front business (Complete Auto World), and a commercial storage unit "in furtherance of his drug activities." *Id.* at 15-16. The affidavit stated agents expected to find financial records and proceeds of drug sales, a computer or other storage medium containing evidence of drug crimes, and potentially other paraphernalia of criminal activity at the address. *See generally* Doc. 173-1. Magistrate Judge Darrell A. Clay approved the application and issued a search warrant on January 28, 2022. *Id.* at 32-33. Agents executed the search warrant on February 10, 2022, and found "three cellular telephones, $42,900 in cash, a Rolex watch, some marijuana products, vehicles bearing license plates associated with drug trafficking, vehicle registration documents, apparent drug ledgers, residential records, financial information, and various luxury vehicles and goods." (Doc. 173, at 2).

**DISCUSSION**

Defendant argues there was no nexus between the Troon Road address and the alleged criminal activity as required for a warrant. (Doc. 157, at 1). The Government argues there was such a nexus. (Doc. 173, at 1).

Searches performed pursuant to a lawfully issued warrant are presumptively valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Defendant therefore bears the burdens of proof and persuasion when challenging the warrant and the admissibility of the fruits of the subsequent search. *United States v. Smith*, 783 F.2d 648, 650 (6th Cir. 1986). A warrant must be supported by probable cause – that is, the affidavit submitted in support of the warrant must show "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'" *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (quoting *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998)). This Court's role in reviewing the challenge to the warrant is to determine whether the magistrate judge had a substantial basis for concluding probable cause existed. *Id.* at 237, n.10. The Court is also confined to the information within the affidavit when making this determination. *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006).

Gist argues an individual's status as a drug dealer does not create a nexus between his residence and drug evidence. (Doc. 177, at 3) (citing *United States v. Grant*, 2023 WL 119399, at *3 (6th Cir. 2023)). But the case Gist relies on also states the Sixth Circuit has "inferred a nexus between a known drug trafficker and a residence when there is strong evidence linking the suspect to the residence, and there is some additional evidence of drug activity at the residence." *Grant*, 2023 WL 119399, at *3. In *Grant*, the Sixth Circuit found no proper nexus between alleged drug

3

activity (or records of such) and the address where the defendant was not a known drug dealer, the defendant only rented the address, evidence showed only that the defendant had made short visits to the address, the only controlled buy linking the defendant to drug activity occurred "forty-seven days before police sought the records warrants", and the affidavit did not allege the defendant entered the building at the address "just before or after the controlled buy" or that the defendant had done more than parked at the address. *Id.*

In this case, on the other hand, Gist has previously been convicted of drug distribution crimes (Doc. 173-1, at 4); he had been known to use his home address in carrying out those crimes (*id.* at 5); he owned the address in question (*id.* at 12); and he had been observed traveling from another address – his business – where evidence of drug activity had been found to his home address in a vehicle also linked to drug activity (*id.* at 10, 15). Additionally, "'an affidavit containing credible, verified allegations of drug trafficking, verification that said defendant lives at a particular address, combined with the affiant officer's experience that drug dealers keep evidence of dealing at their residence,' can be sufficient to demonstrate a nexus between the criminal activity and the suspect residence to validate the warrant – even 'when there is absolutely no indication of any wrongdoing occurring at that residence'". *United States v. Sumlin*, 956 F.3d 879, 886 (6th Cir. 2020) (quoting *United States v. Goward*, 188 F. App'x 355, 358-59 (6th Cir. 2006)). Contrary to Gist's argument, "a 'defendant's record of past drug convictions coupled with recent reliable evidence of drug activity' is sufficient to establish the nexus" between drug activity and that defendant's home address. *Id.* (quoting *United States v. McCoy*, 905 F.3d 409, 418 (6th Cir. 2018)).

The Court finds these facts alleged in the affidavit sufficiently establish a nexus between Gist's address on Troon Road and his alleged drug activity. Gist's motion to suppress is therefore denied.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Kelvin Gist's Motion to Suppress (Doc. 157) be, and the same hereby is, DENIED.

                                                                                                              s/ *James R. Knepp II*
                                                                                                            UNITED STATES DISTRICT JUDGE